IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S., S.V., and S.A., through their adoptive parents and next friends LINDA BAKER and WARREN BAKER, | : : : : : : |
| Plaintiffs, | : |
| v. | : 3:20-CV-215 |
| | : (JUDGE MARIANI) |
| WAYNE COUNTY CHILDREN AND YOUTH SERVICES, | : : : |
| Defendant. | : |

## MEMORANDUM OPINION

On February 6, 2020, Plaintiffs S.S., S.V., and S.A., through their adoptive parents and next friends Linda Baker and Warren Baker, filed their Complaint in the above-captioned matter. (Doc. 1). Plaintiffs allege violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, claiming that they were never offered the option for adoption assistance benefits that are normally available to individuals in Pennsylvania who adopt children with developmental and emotional difficulties. (*Id*). On April 6, 2020, Defendant Wayne County Children and Youth Services filed a timely Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). This matter was referred to Magistrate Judge Martin C. Carlson to prepare a Report and Recommendation ("R&R"). On August 31, 2020, Magistrate Judge

Carlson issued an R&R recommending that Defendant's Motion to Dismiss should be granted. (Doc. 22). Plaintiffs filed Objections (Doc. 23) on September 9, 2020, to which Defendant filed a Brief in Opposition (Doc. 25). Upon *de novo* review of Magistrate Judge Carlson's R&R, the Court will grant in part and overrule in part Plaintiffs' Objections and adopt the pending R&R as modified herein.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in the R&R evaluating Defendant's Motion to Dismiss, Magistrate Judge Carlson did not reach the sufficiency of the facts alleged in Plaintiffs' Complaint, as he found "the issue of administrative exhaustion presented a threshold question on which determination should be made before reaching the merits of the plaintiff's claims." (Doc. 22 at 3). Based on a joint stipulation filed by the parties as to the issue of administrative exhaustion, Magistrate Judge Carlson ultimately found "that the plaintiffs failed to fully exhaust their administrative remedies because they failed to either seek reconsideration of

2

the adverse agency decision by the Secretary of the Department or file an appeal of that decision to the Commonwealth Court of Pennsylvania." (*Id*).

In response to the pending R&R, Plaintiffs filed Objections to Magistrate Judge Carlson's findings (Doc. 23), as well as a Memorandum of Law in Support of those Objections (Doc. 24). Plaintiffs' Objections assert that Magistrate Judge Carlson's recommendation is "in error as Plaintiff's [sic] did exhaust their administrative remedies and were not required, as a matter of law, to exhaust their judicial appellate remedies." (Doc. 24 at 18). In response, Defendant asserts that "Plaintiffs' argument that they were not required to file an appeal to the Commonwealth Court is contrary to the remedies clearly enumerated in 55 Pa. Code § 3140.210 and 55 Pa. Code § 275.4, as well as Judge Caputo's prior ruling that Plaintiffs must exhaust their administrative remedies under those specific statutory sections." (Doc. 25 at 11).

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (citing *McKart v. United States*, 396 U.S. 185, 193 (1969). In Pennsylvania, "where an adequate administrative process is available, a party may not forgo that process in favor of seeking judicial relief." *Southeast. Pa. Transp. Auth. V. City of Phila.*, 101 A.3d 79, 90 (Pa. 2014) (citing *Bayada Nurses, Inc. v. Com., Dep't of Labor and Indus.*, 8 A.3d 866, 875 (Pa. 2010); *Empire Sanitary Landfill, Inc. v. Commonwealth Dep't of Envt'l Res.*, 684 A.2d 1047, 1053 (Pa. 1996)).

Although litigants generally must exhaust administrative remedies prior to resorting to judicial remedies, the Pennsylvania Supreme Court has recognized three exceptions:

> 'The first exception is where the jurisdiction of an agency is challenged. The second exception is where the constitutionality of a statutory scheme or its validity is challenged. The third exception is where the legal or equitable remedies are unavailable or inadequate, or the administrative agency is unable to provide the requested relief.'

*Keystone Reaf LLC v. Pa. Dep't of Health*, 186 A.3d 505, 514 (Pa. Cmwlth. 2018) (citing *Empire Sanitary Landfill, Inc.*, 684 A.2d at 1054).

There are few cases that address administrative exhaustion within the particular context of denial of adoption assistance benefits by the Pennsylvania Department of Human Services, which is governed by the Pennsylvania Adoption Opportunities Act and the regulations promulgated thereunder. *See* 62 P.S. §§ 771–74; *see also* 55 Pa. Code §§ 3140.201–210. However, in determining whether a party has satisfied the requirements of administrative exhaustion prior to seeking judicial relief, the Court is guided by the Supreme Court, who has explained:

> We have previously recognized that the doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue. Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. Plainly these purposes have been served once the Secretary has satisfied himself that the only issue is the constitutionality of a statutory requirement, a matter which is beyond his jurisdiction to determine, and that the claim is neither otherwise invalid nor cognizable under a different section of the Act. Once a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy the

4

Secretary's administrative needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest.

*Weinberger v. Salfi*, 422 U.S. 749, 765–66 (1975) (internal citations omitted).

The policy behind exhaustion of administrative remedies is well summarized in the above-quoted passage from *Weinberger*. Although that case involved interpretation of administrative exhaustion requirements under 42 U.S.C. § 405(g), the Court believes the principles it sets forth have application to the exhaustion of administrative remedies rules applicable to administrative agencies in the Commonwealth.

In light of the principles set forth above, a review of the statutory scheme at issue here reveals that the parties' "Right to hearing and appeal" is set forth in 55 Pa. Code § 3140.210, which states:

> (a) A child applying for or receiving adoption assistance or a person acting on behalf of a child has a right to a Departmental hearing to appeal:
>
>> (1) A finding of ineligibility after determination of eligibility.
>> (2) A denial or reduction of service.
>> (3) The termination or suspension of service.
>
> (b) The hearings will be conducted in accordance with Chapter 275 (relating to appeal and fair hearing and administrative disqualification hearings) unless otherwise provided by this chapter.

55 Pa. Code § 3140.210.

Section 275.4 of Chapter 275 provides for the procedure of administrative hearings on appeal. *Id.* at § 275.4. Under this Section, "[a] hearing request must be made to the agency which notified the client of its decision or action." *Id.* at 275.4(a)(2)(i). Following a

5

decision from the Administrative Law Judge (ALJ), "[e]ither party to a proceeding has 15 days from the date of the decision of the Director of the Office of Hearings and Appeals within which to request reconsideration of that decision by the Secretary of the Department." *Id.* at § 275.4(h)(4)(ii). Further, "[i]n cases where there is a request for reconsideration, the time limit, 30 days, for appealing the decision of the Department to the Commonwealth Court will begin on the date the Secretary responds to the request." *Id.* at § 275.4(h)(4)(iv).

Section 275.4 also defines "final administrative action" to include "a hearing and subsequent decision by the hearing officer, optional review by the Secretary or his designee as provided in subsection (h)(4), and, where the appeal of the appellant is sustained, immediate implementation of the hearing decision by the appropriate agency." § 275.4(b)(2). The fact that review by the Secretary is designated as "optional" by this Section does not change our analysis here, as the prevailing standard for fulfilling administrative exhaustion requirements is whether the party has exhausted all remedies *available* through the administrative agency prior to seeking judicial relief. *See Pa. Transp. Auth.*, *101 A.3d at 90* (Pa. 2014) ("As a rule, where an adequate administrative process is available, a party may not forgo that process in favor of seeking judicial relief."); *see also Cnty. of Berks ex rel. Baldwin v. Pa. Labor Relations Bd.*, 678 A.2d 355, 360 (Pa. 1996) ("It is fundamental that prior to resorting to judicial remedies, litigants must exhaust all the adequate and available administrative remedies which the legislature has provided."). Thus, the Court finds that in the context of adoption assistance benefits under the

Pennsylvania Adoption Opportunities Act, a party exhausts the available administrative remedies when they seek reconsideration of the ALJ's decision by the Secretary in accordance with at § 275.4(h)(4).

Here, following a directive from the late Honorable A. Richard Caputo,[1] and in accordance with § 275.4, Plaintiffs appealed the denial of adoption assistance benefits by Defendant to the Pennsylvania Department of Human Services on April 20, 2018. (Joint Stipulation, Doc. 21 at ¶ 7). A hearing was held on the matter before ALJ David A. Dudley on February 19, 2019. (*Id.* at ¶ 11). On July 9, 2019 the ALJ upheld the denial of benefits and denied the appeal. (Final Administrative Action Order, Doc. 21-9). This decision was affirmed by the Chief ALJ Tracey L. Henry later that same day. (*Id*). Subsequently, Plaintiffs did not request reconsideration of the ALJ's decision, nor did they appeal the decision to the Commonwealth Court of Pennsylvania. (Doc. 21 at ¶¶ 14, 15). Instead, Plaintiffs refiled their Complaint with this Court on February 6, 2020. (Doc. 1).

Thus, as Plaintiffs did not request reconsideration of the ALJ's decision by the Secretary pursuant to § 275.4(h)(4), they did not reach a "final administration action" as

---

[1] Plaintiffs' claims were first considered in federal court in *S.S. et al. v. Wayne Cty. Children & Youth Servs.*, No. 3:17-cv-935, 2018 WL 806470, at *3 (M.D. Pa. Feb. 9, 2018), where Judge Caputo found that Plaintiffs' Complaint "alleged sufficient facts to survive dismissal on the issue whether the minor children might be considered to have been constructively in the custody of Wayne County, rendering them eligible for adoption assistance subsidies despite the AOA's custody requirement." However, Judge Caputo ultimately granted Defendant's Motion and dismissed Plaintiffs' Complaint without prejudice, finding that "Plaintiffs have failed to exhaust their administrative remedies," and directing Plaintiffs to the remedies available under 55 Pa. Code § 3140.201 for families who are denied access to adoption assistance. *Id.* at *1, *4

defined by § 275.4(b)(2). Further, none of the three exceptions to the exhaustion of administrative remedies rule recognized by the Pennsylvania Supreme Court are present here. The Court therefore finds that Plaintiffs failed to exhaust the administrative remedies available to them under the Pennsylvania Adoption Opportunities Act and the regulations promulgated thereunder. As failure to exhaust administrative remedies is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Defendant's Motion to Dismiss should be granted without prejudice. *Devine v. St. Luke's Hosp.*, 406 Fed. App'x 654, 656 (3d Cir. 2011) (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 2000)).

In the R&R, after a review of the Joint Stipulation submitted by the parties on August 28, 2020, Magistrate Judge Carlson found:

> That joint statement reveals that the plaintiffs failed to fully exhaust their administrative remedies because they failed to either seek reconsideration of the adverse agency decision by the Secretary of the Department or file an appeal of that decision to the Commonwealth Court of Pennsylvania. Based on this statement, we find that the plaintiffs have failed to do that which the district court instructed when dismissing the plaintiffs' first complaint: completely and fully exhaust their administrative remedies in state court before attempting to file a second complaint with this court. We accordingly recommend that this complaint be likewise dismissed.

(R&R, Doc. 22 at 3).

The Court declines to adopt the Magistrate Judge's recommendation that exhaustion of administrative remedies in this context requires Plaintiffs to file a petition for review or any other form of appeal to the Commonwealth Court of Pennsylvania. For support of the

proposition that parties are required to exhaust claims in state court before seeking review of claims in federal court, the Magistrate Judge cites to *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995). However, that case is readily distinguishable from the scenario presented here, as the Third Circuit in *Walker* addressed a district court's denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 for failure to exhaust state court remedies. Section 2254(b) states, in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - -
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

This Section provides an express statutory requirement that an applicant for a writ of habeas corpus proceeding under § 2254 must exhaust available *State court* remedies prior to seeking relief in federal court. On its face, 28 U.S.C. § 2254 has no application to the requirement that a party must exhaust *administrative* remedies in order to challenge a decision of a Pennsylvania administrative agency. Thus, *Walker* is inapplicable here.

For the aforementioned reasons, the Court will grant in part and overrule in part Plaintiffs' Objections (Doc. 23), adopt the pending R&R (Doc. 22) as modified, grant Defendant's Motion to Dismiss (Doc. 7), and dismiss Plaintiffs' Complaint (Doc. 1) without prejudice.   A separate Order follows.

Robert D. Mariani
United States District Judge